THE STATE, use of SADLER's Ex'x. *vs.* COX.—June, 1828.

Where a judgment is stricken out, it is the duty of the court, under the act of 1787, *ch.* 9, *s.* 6, to direct the suit to be brought up by regular continuances.

In an action on an administration bond, a replication which showed the existence of a debt due from the intestate, and that the administrator was in insolvent circumstances, would render the surety liable, unless he could prove that the estate of the deceased had been duly administered.

APPEAL from *Prince-George's* County Court. This was an action of debt, brought on the 1st of February 1820, on the administration bond executed by *Amelia T. Dorsett,* administratrix of *Fielder Dorsett,* on the 5th of October 1815, with John H. Brown and the defendant, (now appellee,) as her sureties. The defendant having been served with the writ, appeared by an attorney of the court, and pleaded general performance of the condition of the bond by the administratrix. The plaintiff's replication assigned for breach the recovery of a judgment in *Prince-George's* county court by *Mary Munnikuyson,* administratrix of *John,* against *Fielder Dorsett,* for $600 damages, and $7 28 costs. That a writ of *scire facias* issued on

the said judgment against *Amelia T. Dorsett*, as administratrix of *Fielder*, and a *fiat* entered thereon at September term 1817. That a writ of *fieri facias* issued thereon against the said administratrix, which was returned *nulla bona*. Averments that the administratrix at the time of the judgment against her, had assets, &c. and nonpayment of the debt, &c. The defendant was ruled to rejoin to the replication; and at September term 1821 he again appeared by his attorney, and confessed judgment, which was entered at that term for the plaintiff for the debt, &c. Afterwards on the 21st of April 1825, the defendant moved the court, then sitting, to strike out the above judgment. At the time of making the motion, he filed in court his own affidavit, in which he stated, that the above judgment was obtained against him as a security in the administration bond of *Amelia T' Dorsett*, administratrix of *Fielder*. That the said judgment was obtained against him, in consequence of a *fiat* entered against the said administratrix at September term 1817, which was upon a judgment obtained against the said *Fielder* in his lifetime. That when the writ, which was issued and served upon him in this case, he did not know what was the situation of the administration of the estate of the said *Fielder*. That some attorney of the court, at the return of the writ, entered an appearance for him, without any warrant or authority from him, and that the said attorney never informed him that he had appeared for him, nor consulted with him about what defence was to be made to the action; and whatever plea was pleaded in the suit was without his knowledge or direction. That he never knew any thing about what pleas had been pleaded or what proceedings had been had in the said suit, until after a judgment had been obtained against him, and until a *fieri facias* was levied upon his property. That immediately upon the said *fieri facias* being so levied, he went to the district of *Columbia* to inform the said *Amelia T. Dorsett* thereof, and get her to advance the money to pay the amount of the said execution, he supposing that she had sufficient assets in her hands to pay the said judgment. But to his great surprise she informed him that she had no knowledge of any suit having been instituted against her upon which any judgment could be obtained; and that she had left all the assets of her intestate in

the hands of Major *Tyler,* as her agent, to be applied to the payment of the debts of the intestate. That he went to the said *Tyler,* who informed him that he had fully settled the administration of the said estate; that all the assets had been exhausted in the payment of the judgment creditors, and that he had paid towards the plaintiff's judgment so much as amounted to the distributable share which that judgment was entitled to. That as he had ascertained the situation of the estate, and found that the *fiat* on the *scire facias* against the administratrix, had been rendered against her without authority, he prevailed on her to unite with him in a bill to be filed in the county court, as a court of equity, for the purpose of obtaining relief in the premises. That on the 28th of October 1822, such bill was filed, and an injunction obtained to stay proceedings at law upon the said judgment. That the injunction was continued until the month of November 1823, when it was dissolved inadvertently by the court, without any notice having been given to him, or the said *Amelia T.* or their solicitor, who was then in court. That after the dissolution of the injunction he was advised, that if the said *Amelia T.* would make a motion to the court to set aside the *fiat* entered against her, the court would strike out the said *fiat;* and if that was done, a motion would then lie and prevail to strike out the judgment in this case. That the court having ordered the said *fiat* entered against the said *Amelia T.* to be stricken out, a motion is now made to strike out the judgment against this defendant.

The court thereupon ordered that the judgment in this case be stricken out *nisi;* and the plaintiff have leave to show cause to the contrary at the next term. At the next term, no cause being shown to the contrary, the order or judgment of the court, striking out the said judgment, was declared to be final; and that the defendant go without day, &c. From which order or judgment the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, ARCHER, and DORSEY, J. by

*J. Johnson,* for the Appellant, and by

*Magruder* and *Ashton,* for the Appellee. See the case of *Munnikuyson's Adm'x. v Dorsett's Adm'x. (ante 374.)*

WOLF *v* WOLF.—1828.

ARCHER, J. delivered the opinion of the Court. There is a conclusive objection to the proceedings of the county court. They have struck out the judgment, without directing the suit to be brought up by regular continuances. This is manifest from the record, for the judgment is ordered to be struck out, and the defendant is discharged without day. If it had been proper to have stricken out the judgment, it was indispensably necessary to have entered the regular continuances, otherwise the salutary provisions of the act of 1787, *ch. 9, s. 6,* would be lost to the plaintiff. For to recover his debt, if recoverable at all, he would be compelled by this proceeding, not only to pay the costs of the action, but to begin *de novo:* whereas, had the continuances been regularly entered, it is not for this court to say, but that by an amendment of his pleadings, notwithstanding the original judgment had been struck out, he might have recovered. He might have replied to the plea of general performance the existence of a debt due from *Fielder Dorsett,* and that the administratrix was in insolvent circumstances, which would have rendered the security liable, unless he could prove that the estate had been duly administered.

DORSEY, J. dissented.

JUDGMENT REVERSED.